# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LF CENTENNIAL LIMITED,<br><br>                      Plaintiff,<br>  v.<br>Z-LINE DESIGNS, INC.,<br><br>                     Defendant. | CASE NO. 16cv0929 JM(NLS)<br><br>ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT |

Plaintiff LF Centennial Limited ("LFCL") moves for partial summary judgment on its claim for a contractual audit. Defendant Z-Line Designs, Inc. ("Z-Line") partially opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court denies the motion for summary judgment.

## BACKGROUND

On April 18, 2016, LFCL, a British Virgin Islands corporation with its principal place of business in Hong Kong, commenced this action by alleging three claims for relief: (1) Breach of Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; and (3) Accounting. Defendant Z-Line, a Nevada corporation with its principal place of business in San Roman, California, answered the complaint on June 15, 2016, and then filed an amended answer on July 6, 2016.

Plaintiff's claims arise from a licensing and royalties contract dispute. Whalen Furniture Manufacturing, Inc. ("WFM") was the original owner of two patents entitled

"Television Support and Mounting Kit," U.S. Patent Nos. 8,079,311 and 8,191,485. (Compl. ¶8, 9). In 2013, LFCL acquired the assets of WFM, and WFM assigned the patents to LFCL. (Compl. ¶10).

LFCL alleges that Z-Line violated the patents by making and selling infringing television stands. On December 20, 2011, WFM filed a patent infringement action in this judicial district (11cv2958 H(DHB)) against Z-Line for infringement of the '311 patent. On June 5, 2012, WFM commenced an action against Z-Line for infringement of the '485 patent (12cv1341 H(DHB)). In July 2013, WFM, LFCL, and Z-Line entered into a settlement and license agreement (the "Agreement"), resolving all claims in both infringement actions. As a result of the earlier assignment, LFCL allegedly holds all rights granted to WFM in the Agreement.

Among other things, the Agreement required Z-Line to pay a 5% royalty on the licensed products sold in the United States. (Compl. ¶19). The Agreement also provided for an annual audit of the royalty payments by an agreed upon third party accounting firm. (Compl. ¶22).

On April 15, 2015, counsel for LFCL allegedly contacted Z-Line and requested an audit for six quarters beginning July 26, 2013, and ending December 31, 2014. LFCL recommended Grant Thornton LLP as the auditor and requested that Z-Line either approve the auditor or propose a different auditor. (Compl. ¶27). On April 16, 2015, counsel for Z-Line responded that the Agreement only called for annual audits and, therefore, it would only provide information for the period of July 26, 2013, to July 26, 2014. Z-Line also informed LFCL that it would only provide the quantity of licensed products sold, but not the dollar value of the products sold. (Compl. ¶29).

LFCL now moves for partial summary judgment to obtain an audit pursuant to the parties' contractual relationship. The court notes that LFCL also moved for partial summary judgment on Z-Line's novation affirmative defense. That issue is now moot because, on May 24, 2017, Z-Line voluntarily dismissed the novation affirmative defense.

# DISCUSSION

**Legal Standards**

A motion for summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Prison Legal News v. Lehman, 397 F.3d 692, 698 (9th Cir. 2005). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the file which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. (emphasis in original). The opposing party cannot rest on the mere allegations or denials of a pleading, but must "go beyond the pleadings and by [the party's] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (citation omitted). The opposing party also may not rely solely on conclusory allegations unsupported by factual data. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The court must examine the evidence in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Any doubt as to the existence of any issue of material fact requires denial of the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). On a motion for summary judgment, when "'the moving party bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence were uncontroverted at trial.'" Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992) (emphasis in original) (quoting International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992)).

**The Audit**

While the parties are in general agreement that LFCL is contractually entitled to

conduct an audit to ascertain the accuracy of the royalty payments at issue, the parties do not agree on the scope, terms, and conditions relevant to an audit.  Moreover, the parties are involved in a discovery dispute recently resolved by Magistrate Judge Stormes.  (Ct. Dkt. 78).  The May 31, 2017 order resolved the discovery dispute concerning the production of  source documents necessary to conduct an adequate royalty payment audit.  Pursuant to that order, Z-Line has until August 18, 2017 to produce the documents.

In light of the limited opposition to conducting the contractual audit, the court concludes that the evidentiary record supporting the motion for partial summary judgment is inadequate at this point in time to comprehensively resolve the issues presented.  To the extent the parties dispute the scope, terms or conditions relevant to the contemplated audit, the parties are instructed to bring such disputes before Magistrate Judge Stormes.   Accordingly, the court denies the motion for summary judgment.

**IT IS SO ORDERED.**

DATED: June 6, 2017

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties