UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LF CENTENNIAL LIMITED, a British Virgin Islands corporation,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Z-LINE DESIGNS, INC., a Nevada corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　　　　　　　　　Defendant. | Case No.: 16cv929 JM (NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT; DENYING DEFENDANT'S MOTION TO STRIKE** |

On June 13, 2018, Plaintiff LF Centennial Limited ("LFCL") moved the court to modify the scheduling order and for leave to file a first amended complaint. (Doc. No. 124.) Defendant Z-Line Designs, Inc. ("Z-Line") opposes, (Doc. No. 140), and moves to strike an exhibit supporting LFCL's motion, (Doc. No. 141). Pursuant to Local Rule 7.1(d)(1), the court finds the matter appropriate for resolution without oral argument. For the reasons set forth below, the court grants LFCL's motion and denies Z-Line's motion to strike as moot, without prejudice.

## BACKGROUND

On April 18, 2016, LFCL initiated this action against Z-Line, alleging breach of a licensing agreement, breach of good faith and fair dealing, and seeking an accounting from

Z-Line. (Doc. No. 1.) In the scheduling order, Magistrate Judge Nita L. Stormes set October 28, 2016, as the deadline by which to amend the pleadings. (Doc. No. 32.)

On August 10, 2017, the court granted LFCL's motion for partial summary adjudication on the issue of whether LFCL has the contractual right to conduct a royalty audit. (Doc. No. 99.) The court directed the parties to raise any issue relating to the scope, conditions, or terms of the royalty audit before Magistrate Judge Stormes. (Id.) Fifteen days later, Magistrate Judge Stormes ordered the parties to proceed with the royalty audit, in accordance with the licensing agreement, and to complete that audit by December 29, 2017. (Doc. No. 100.)

The parties jointly engaged Paul Crystal of Crystal Advisory Services ("CAS") to audit Z-Line's sales of the licensed products and the royalties Z-Line had paid, to cover the third quarter of 2013 through the third quarter of 2017. The audit was not completed on time. On March 19, 2018, the court granted the parties' joint motion to continue trial because CAS did not anticipate completing the audit report until April. (Doc. No. 116.)

CAS issued the audit report on May 14, 2018. (Doc. No. 147, Ex. 1.) CAS, in the audit report, determined that between the third quarter of 2013 through the third quarter of 2017, Z-Line's original royalty payment of $1,510,260 should have been $3,670,954. (Id.) As a result, $2,160,694 was underreported and underpaid. (Id.) Based in part on the information obtained from the audit report, on June 13, 2018, LFCL filed the instant motion to modify the scheduling order and for leave to file a first amended complaint. (Doc. Nos. 124 (redacted), 147 (under seal).) LFCL seeks to supplement the complaint so that its claims cover the entire audit period, and to amend it to add a claim for fraud. (Id.)

**LEGAL STANDARDS**

I.  **Federal Rule of Civil Procedure 16**

When a plaintiff seeks to amend the complaint after the time specified in a scheduling order, Federal Rule of Civil Procedure ("Rule") 16 applies. Once issued, a scheduling order cannot be modified except upon a showing of good cause. Fed. R. Civ. P. 16(b). The "good cause" standard primarily considers the diligence of the party seeking

the amendment. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).

## II. Federal Rule of Civil Procedure 15

Rule 15 provides that leave to amend should be granted when justice requires it. Fed. R. Civ. P. 15(a)(2). The court may, "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Amendment may be denied, however, when there is evidence of undue delay, bad faith, undue prejudice, or futility. Foman v. Davis, 371 U.S. 178, 182 (1962). "The standard for granting leave to amend is generous." United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011) (internal quotation omitted).

## DISCUSSION

LFCL asks the court to modify the scheduling order and grant it leave to file the proposed First Amended and Supplemental Complaint ("FAC").

## I. Scheduling Order Modification

Here, the deadline to amend the pleadings passed on October 28, 2016. (Doc. No. 32.) LFCL's fraud claim is based on the audit report from CAS, which it did not receive until May 14, 2018. Additionally, the time period over which LFCL seeks to supplement its original complaint had not yet come to pass by the October 28, 2016 deadline.

Z-Line argues that "[a]ll of the information upon which LFCL seeks to amend its complaint have been known to it since 2017" through documents produced in discovery, and thus LFCL did not act diligently. (Doc. No. 140 at 4.) However, Z-Line itself notes that some of the information was produced "because Z-Line's expert CPA advised Z-Line that for an <u>auditor</u> to determine whether all royalties had properly been reported and paid, an <u>auditor</u> would have to cross-check the sales of the licensed products against all product sales." (Doc. No. 140-1 ("Economou Decl.") ¶ 3 (emphasis added).) The advice from Z-Line's own expert reveals that the parties intended to rely on the auditor to evaluate the documents produced in discovery. Therefore, it is reasonable that LFCL waited until it received the auditor's analysis in the May 2018 report by CAS before seeking to modify

the scheduling order. LFCL filed the instant motion a mere month after CAS issued the audit report, demonstrating its diligence in pursuing amendment.

Consequently, good cause exists to modify the scheduling order.

## II. Leave to File FAC

The court will first address LFCL's request to supplement the complaint to cover the entire audit period, followed by LFCL's request to add a claim for fraud.

### A. Supplementing the Complaint to Cover the Entire Audit Period

Z-Line argues that supplementing the complaint is unnecessary because the parties already agreed that the audit would cover the period beginning July 26, 2013, to the date on which the royalty audit was conducted. (Doc. No. 124-7.) Importantly, Z-Line does not raise any evidence of undue delay, bad faith, undue prejudice, or futility regarding this supplementation. Z-Line notes that because the parties agreed for the audit to cover through the third quarter of 2017, LFCL should have sought to supplement its complaint at the time of that agreement. However, LFCL did not receive the audit report, which revealed Z-Line's underpayments continued after the complaint was filed, until May 2018. The month delay between LFCL receiving the audit report and filing the instant motion does not reach the level of undue delay. Therefore, the court grants LFCL leave to supplement the complaint to cover the entire audit period.

### B. Amending the Complaint to Add a Fraud Claim

After careful review of the parties' briefs and the proposed FAC, the court finds that LFCL has shown no undue delay[1] or bad faith in seeking to amend its complaint. LFCL

---

[1] Z-Line asserts that LFCL has alleged evidence of fraud since as early as September 2017. (Doc. No. 140 at 11.) In support, Z-Line offers a September 14, 2017 email from LFCL's counsel, in which he stated that LFCL "must reserve the right to allow the auditor to conduct a forensic analysis . . . <u>if the audit uncovers evidence of fraud.</u>" (Economou Decl. ¶ 2, Ex. A (emphasis added).) Once again, however, that statement was dependent on the results of the audit, which was not available to the parties until May 24, 2018. Therefore, it does not demonstrate undue delay. Furthermore, the court notes that some of the delay associated with obtaining the audit report can be attributed to

4

filed the instant motion approximately one month after receiving the audit report from CAS. As discussed above, LFCL acted diligently in doing so. The court will next address whether there is evidence of futility or undue prejudice sufficient to warrant denying LFCL's motion.

### 1. Futility

Z-Line argues that the proposed fraud claim is futile because it fails to state a claim upon which relief may be granted based on the heightened pleading standard of Rule 9(b). (Doc. No. 140 at 8–11.)

"While some courts liken the futility inquiry with that of a motion to dismiss, most recognize that denial of leave to amend on futility grounds is rare." Contasti v. City of Solana Beach, 2010 WL 318404, at *2 (S.D. Cal., Jan. 20, 2010) (internal quotations and corrections omitted). "In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." Hynix Semiconductor Inc. v. Toshiba Corp., 2006 WL 3093812, at *2 (N.D. Cal., Oct. 31, 2006) ("Hynix's arguments should be addressed in a motion to dismiss or for summary judgment, not in an opposition to the present motion for leave to amend.").

After reviewing the proposed FAC, the court finds that Z-Line's regarding futility arguments are more appropriate for a motion to dismiss.

### 2. Undue Prejudice

LFCL does not seek to continue the trial date, but Z-Line argues that adding the fraud claim would require reopening discovery and continuing the trial date. The court agrees that the trial could not go forward as scheduled on August 20, 2108, if LFCL is permitted to file the proposed FAC. LFCL does not oppose a short trial continuance to

---

Z-Line, as Z-Line opposed LFCL's efforts to obtain an audit, (see Doc. Nos. 71, 86), and both parties spent some weeks selecting the independent, third party auditor, (see Doc. No. 109 at 2).

allow for relevant defenses and limited discovery.

"A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (citation omitted). While the court recognizes that Z-Line will be somewhat prejudiced by the need to delay trial and reopen discovery on a limited basis, it does not rise to the level of undue prejudice because discovery can be limited so as to avoid prolonging proceedings any more than is necessary to address the new fraud claim. Additionally, the court finds that it serves the interest of justice to address the fraud claim in the same action, rather than requiring LFCL to initiate a second suit.

In sum, the liberal standard for allowing amendment under Rule 15 and the lack of undue delay, bad faith, undue prejudice, or futility support allowing LFCL to supplement and amend its complaint. Accordingly, the court grants LFCL's motion.

### III. Z-Line's Objection and Motion to Strike Exhibit 2 of Cole Declaration

Z-Line objects to and moves to strike Exhibit 2 of the Declaration of William P. Cole in Support of Plaintiff's Motion for Leave to Amend Complaint ("Cole Declaration"). (Doc. No. 141.) Exhibit 2 of the Cole Declaration contains the Declaration of Sidney P. Blum in Support of Plaintiff's Motion for Leave to File First Amended Complaint ("Blum Declaration"). (Doc. Nos. 124-6 (redacted); 147-2 (under seal).) Z-Line argues, inter alia, that the Blum Declaration constitutes an expert opinion on topics beyond the scope of those identified for Mr. Blum during expert discovery. (Doc. No. 141 at 2.) Because the court did not rely on the Blum Declaration in ruling on the instant motion, the court denies Z-Line's motion to strike as moot, without prejudice.

### CONCLUSION

For the foregoing reasons, the court grants LFCL's motion to modify the scheduling order and for leave to file the proposed FAC. LFCL is directed to file the FAC within seven (7) days of this order. The court denies Z-Line's motion to strike, (Doc. No. 141), as moot, without prejudice.

Consequently, the court vacates the upcoming Pretrial Conference and trial dates. The parties are ordered to contact Magistrate Judge Stormes's chambers to set up a conference at which the scope of discovery and a new schedule can be determined.

IT IS SO ORDERED.

DATED: July 23, 2018

JEFFREY T. MILLER
United States District Judge